**HOUSING OPPORTUNITIES MADE EQUAL, INC. and C. Lavonne Moton–Teague, Plaintiffs–Appellants,**

v.

**Paul J. DIGIULIO and Vivian Z. Digiulio, Defendants–Appellees.**

No. 00–9384.

United States Court of Appeals, Second Circuit.

Oct. 11, 2001.

Anna Marie Richmond, Buffalo, NY; John J. Phelan, Buffalo, NY, on brief, for plaintiffs-appellants.

Michael A. Brady, Hagerty & Brady, Buffalo, NY, for defendants-appellees.

Present JOSEPH M. MCLAUGLIN, CHESTER J. STRAUB, and ROBERT A. KATZMAN, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HERE-BY ORDERED, ADJUDGED AND DE-CREED that the judgment of the District Court is AFFIRMED.

Plaintiffs–Appellants, Housing Opportunities Made Equal, Inc. and C. Lavonne Moton–Teague (collectively "H.O.M.E."), appeal from a district court judgment dismissing their complaint, which sought attorney's fees pursuant to 42 U.S.C. § 3612(p). The plaintiffs incurred those legal fees during the course of an administrative proceeding before the New York State Division of Human Rights in which they successfully challenged the discriminatory rental policy of the defendant landlords. The District Court (William M. Skretny, *Judge* ) dismissed the complaint, holding that H.O.M.E. failed to state a valid claim for attorney's fees under 42 U.S.C. § 3612(p). We affirm.

Prior to filing the complaint in this federal action, H.O.M.E. had already litigated their claim for attorney's fees in the state court system, and that claim had been denied. They originally brought their claims—both the substantive discrimination claim and the attorney's fees claim—before the New York State Division of Human Rights ("NYDHR"), where they were successful on the merits of their charge of discrimination but were denied their request for attorney's fees. The state agency denied the attorney's fees claim on the grounds that it had no power, that is jurisdiction, to grant attorney's fees. The Appellate Division Fourth Department affirmed the NYDHR decision insofar as it denied attorney's fees.[1]

H.O.M.E. arguably had a valid federal claim to attorney's fees, but now realizes that its decision to pursue its claim via New York State administrative proceed-

---

1. New York State amended its legislation in 1999 to authorize NYDHR to grant attorney's fees in housing discrimination cases. *See* N.Y. Executive Law § 297, Subd.10 (McKinney's 2001).

ings has denied it an opportunity to litigate that claim. Accordingly, it urges us to recognize an independent federal cause of action for attorney's fees pursuant to 42 U.S.C. § 3612(p).

We decline to accept H.O.M.E.'s invitation. Section 3612(p) of the Fair Housing Act does not provide for a separate cause of action under federal law, but instead provides that attorney's fees may be awarded "[i]n any administrative proceeding brought under this section, or any court proceeding arising therefrom, or any civil action under this section...." As a result, federal courts have awarded attorney's fees when plaintiffs have asserted a discrimination claim pursuant to the Fair Housing Act. *See, e.g., Cabrera v. Jakabovitz,* 24 F.3d 372, 391 (2d Cir.), *cert. denied,* 513 U.S. 876, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994). As the District Court held, a free standing action for attorney's fee fits none of these three categories.

Nor are we persuaded that *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), requires us to recognize such an action. *New York Gaslight* bears some similarities to this case: the plaintiff prevailed on the merits of its Title VII claim in a state administrative proceeding, and raised a claim for attorney's fees in a separate action before a federal district court. *See id.* at 58–59, 100 S.Ct. 2024. But the relevant similarities end there. The federal action in *New York Gaslight* involved other federal causes of action, beyond a claim for attorney's fees, so that the question of whether a separate action for attorney's fees is provided for "is not only doubtful but is a question that is plainly not presented by this record." *See id* at 71, 100 S.Ct. 2024 (Stevens, J. concurring). Even more important, the statutory scheme both provided for attorney's fees *and* required that the plaintiff proceed via an adminis-

trative mechanism that could not award such fees. Thus, permitting the plaintiff to assert their fees claim in a separate action was the essential to realize Congress's twin objectives. *See* 447 U.S. at 65–66, 100 S.Ct. 2024. We are faced with no such dilemma here: H.O.M.E. could have prosecuted its discrimination claim via federal court at the outset, an avenue which would have preserved its fees claim. 42 U.S.C. § 3612(a).

We have considered all of the claims raised by H.O.M.E., and we find them to be without merit. For the reasons set forth, we AFFIRM the judgment of the District Court.